United States District Court
Southern District of Texas
**ENTERED**
March 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BARRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-01118 |
| | § | |
| TEXAS OFFICE OF ATTORNEY | § | |
| GENERAL, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. #21) and *pro se* Plaintiff's

Response (Doc. #22). Having considered the parties' arguments and the applicable legal authority,

the Court grants the Motion to Dismiss.

In his Complaint, Plaintiff asks the Court to vacate two state-court orders enforcing child

support and medical support obligations (the "Child Support Orders"). Doc. #1 at 1. Plaintiff

alleges the Child Support Orders were entered without due process by an adjudicator who was

neither unbiased nor impartial. *Id.* at 1–2. It appears that the Child Support Orders to which he

refers are (1) Order No. 0012587069, issued by the 418th Judicial District Court of Montgomery

County, Texas (the "Montgomery County Court") on September 8, 2022, and (2) Order

No. 0013524129, issued by the Montgomery County Court on August 16, 2023. Doc. #21, Ex. 1;

Doc. #21, Ex. 2. Before issuing the Child Support Orders, the Montgomery County Court held a

contested hearing in which Plaintiff appeared. Doc. #21, Ex. 1 at 2; Doc. #21, Ex. 2 at 2. Plaintiff

brought this action on March 7, 2025, demanding this Court vacate the Child Support Orders.

Doc. #1 at 1. Defendant moved to dismiss on August 11, 2025, arguing the Court lacks subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Doc. #21.

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case." *Wesolek v. Layton*, 871 F. Supp. 2d 620, 627 (S.D. Tex. 2012) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  "The burden of proof for a [Rule] 12(b)(1) motion to dismiss is on the party asserting jurisdiction, and, at the pleading stage, the plaintiff's burden is to allege a plausible set of facts establishing jurisdiction." *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021) (cleaned up).  "[A]ll well-pleaded facts are taken as true and all reasonable inferences must be made in the plaintiff's favor." *Id.* at 668–69.  District courts may dismiss a case for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Defendant argues this case should be dismissed under Rule 12(b)(1) pursuant to the *Rooker–Feldman* doctrine.  Under *Rooker–Feldman*, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Pinto v. Chin Sun Pinto*, No. 6-12-21, 2012 WL 5386950, at *2 (S.D. Tex. Oct. 31, 2012) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In other words, "*Rooker–Feldman* prevents state-court litigants 'from

2

seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Hall v. Dixon*, No. 09-2611, 2010 WL 3909515, at *37 (S.D. Tex. Sept. 30, 2010) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

Here, without question, Plaintiff seeks review of or otherwise challenges state court judgments. Specifically, he demands the Court "vacate [child] support orders without due process of law by an adjudicator who is not unbiased nor impartial." Doc. #1 at 1. Admittedly, the Court finds it difficult to determine the precise causes of action Plaintiff intends to plead in his Complaint. But to the extent Plaintiff's claims stem from the Montgomery County Court's Child Support Orders, they are barred under *Rooker–Feldman. Dixon*, 2010 WL 3909515, at *37; *see also Johnson v. Miss. Dep't of Hum. Servs.*, No. 1:19-cv-829, 2020 WL 5415491, at *1 (S.D. Miss. Apr. 14, 2020) ("The federalism interests underlying the *Rooker–Feldman* doctrine particularly apply to domestic issues like child custody and child support." (citing *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987))), *report and recommendation adopted*, No. 1:19-cv-829, 2020 WL 2572535 (S.D. Miss. May 21, 2020).

Furthermore, any constitutional claims Plaintiff intends to plead are "inextricably intertwined" with the decisions of the Montgomery County Court. *See Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022) ("*Rooker–Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision." (quoting *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384–85 (5th Cir. 2017))). At bottom, "*Rooker–Feldman* bars subject matter jurisdiction in federal court" if a party "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382–83 (5th Cir.

3

2013) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).  That is exactly what Plaintiff has done here.

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction over this case under *Rooker–Feldman*.  Accordingly, the Motion to Dismiss (Doc. #21) is GRANTED and Plaintiff's claims are DISMISSED without prejudice.  All other pending motions are DENIED AS MOOT.

It is so ORDERED.

**MAR 1 0 2026**
Date

The Honorable Alfred H. Bennett
United States District Judge

4